UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MAJOR BRANDS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:13CV00706 AGF |
| | ) | |
| BACARDI, U.S.A., INC., and | ) | |
| MID-CONTINENT DISTRIBUTORS, INC., | ) | |
| d/b/a/ GLAZER'S MIDWEST, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on the motion of Plaintiff Major Brands, Inc., to remand the case to the Missouri state court in which it was filed. For the reasons set forth below, the motion shall be granted.[1]

### BACKGROUND

Major Brands, Inc. ("Major Brands"), a Missouri corporation, is a wholesaler licensed in the State of Missouri to sell intoxicating liquor to retailers in the state. Defendant Bacardi U.S.A., Inc. ("Bacardi"), a Delaware corporation with its principal place of business in Florida, produces brand name wine and intoxicating liquors. Defendant Mid-Continent Distributors, Inc., d/b/a Glazer's Midwest ("Glazer's"), a Missouri corporation, is a competing wholesaler of intoxicating beverages. In August

---

[1] The Court notes that Bacardi filed a motion for a hearing on the evening of April 29, 2013. However, the Court had already completed its ruling by that time and the believes that a hearing is not necessary.

1

2004, Major Brands and Bacardi entered into a written distribution agreement memorializing some of the terms of the parties' previously existing distribution relationship. The written agreement provided that it could only be terminated for cause. It also provided that any disputes would be governed by Florida law.

On March 5, 2013, Bacardi sent a letter to Major Brands, providing 90-days notice of the termination of the distribution agreement, effective June 4, 2013, citing as cause Major Brands' disappointing performance and the failure to, among other things, grow net sales, adhere to Bacardi's sales strategies, and comply with inventory requirements. On March 7, 2013, Major Brands filed the current eight-count action in the Circuit Court of St. Louis City, Missouri, against Bacardi and Glazer's. The first seven counts are against Bacardi for declaratory judgment that Bacardi violated the Missouri Franchise Act ("MFA") and the Missouri Liquor Control Act, damages for violation of the MFA, breach of contract, breach of the covenant of good faith and fair dealing, recoupment, unjust enrichment, and tortious interference with business expectancy.

Count VIII is for tortious interference against Glazer's and states as follows:

> Major Brands has a valid business expectancy in its continued distribution of [Bacardi's products] to numerous retailers licensed to sell intoxicating liquor within the State of Missouri. Glazer's was and is aware of Major Brands' Distribution Agreement with Bacardi and was and is aware of Major Brands' business expectancy in its continued distribution of the Brands to retailers. Glazer's intentionally interfered with said business expectancy by inducing Bacardi to breach its Distribution Agreement with Major Brands and violate Missouri's Franchise Law by terminating its Distribution Agreement with Major Brands without good cause. Glazer's was not justified in interfering with, and used improper means to interfere with, said business expectancy. Major Brands has been damaged in an amount greater than $25,000.00 as a result of Glazer's intentional interference with Major Brands' business expectancy.

On April 15, 2013, Defendants removed the action to this Court on the basis of diversity jurisdiction, asserting that Glazer's was fraudulently joined in order to defeat federal diversity jurisdiction.  Defendants point to the fact that Count VIII just recites the elements for a tortious interference claim under Missouri law, and contains no factual basis for such a claim.  In support of its motion to remand, Major Brands argues that removal of the action was "patently improper and objectively unreasonable," and "was motivated solely by Bacardi's desire for delay in advance of Major Brands' pending termination."  Major Brands present evidence of other contemporaneous litigation between the parties that suggests that Glazer's may have had a direct role in inducing Bacardi to terminate its distribution relationships with Major Brands.

Major Brands asserts that it did not fraudulently join Glazer's and has a plausible claim of tortious interference against it.  Major Brands asks for a Court order remanding this matter back to state court, together with an award of its attorneys' fees and costs incurred in connection with these proceedings.  Defendants repeat their argument that as there is no factual basis in the complaint for Plaintiff's tortious interference claim against Glazer's, Glazer's was fraudulently joined and this case should remain in federal court.

## DISCUSSION

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Under 28 U.S.C. § 1441(a), a defendant in state court may remove the case to federal court if the defendant

3

can demonstrate that the federal court has original jurisdiction over the case. Once a case is removed to federal court, a plaintiff may move to remand to state court if the federal court lacks subject matter jurisdiction. *Id.* § 1447(c).

Under 28 U.S.C. § 1332(a)(1), federal district courts have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." Defendants, as the parties seeking removal and opposing remand, have the burden of establishing federal subject matter jurisdiction. *See Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009). A court should resolve all doubts about diversity jurisdiction in favor of remand. *Block v. Toyota Motor Corp.*, 665 F.3d 944, 948 (8th Cir. 2011).

Under the doctrine of fraudulent joinder, "a plaintiff cannot defeat a defendant's right of removal by fraudulently joining a [resident] defendant who has no real connection with the controversy. If a plaintiff has no legally viable claim against a putative defendant, that party has no real connection with the controversy." *Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013) (citations omitted). "Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 546 (8th Cir. 2013).

In resolving the fraudulent joinder issue, the court may consider materials outside of the pleadings to determine whether they establish facts supporting the plaintiff's claim. *Bresee v. Wal-Mart Stores E., L.P.*, No. 1:12-CV-160 SNLJ, 2013 WL 136457, at *1

4

(E.D. Mo. Jan. 10, 2013); *Jones v. Chas. S. Lewis & Co.*, No. 4:08-CV-0259 TCM, 2008 WL 2775705, at *3 (E.D. Mo. July 14, 2008); *see also Wilkinson v. Shackelford,* 478 F.3d 957, 964 (8th Cir. 2007) (noting that relevant inquiry for fraudulent joinder is whether the plaintiff might have a claim under state law against the defendant, not the content of pleadings themselves).

> Under Missouri law,
>
> a plaintiff must plead and prove five elements to establish a claim for tortious interference with a contract or business expectancy: (1) a contract or a valid business expectancy; (2) defendant's knowledge of the contract or relationship; (3) intentional interference by the defendant inducing or causing a breach of the contract or relationship; (4) absence of justification; and (5) damages resulting from defendant's conduct.

*W. Blue Print Co. v. Roberts*, 367 S.W.3d 7, 19 (Mo. 2012) (citation omitted).

Here, upon review of the record and the parties' arguments, the Court cannot say that Plaintiff does not have a colorable claim for tortious interference against Glazer's. *See, e.g., Major Cadillac, Inc. v. Gen. Motors Corp.*, No. 07-0868-CV-W-FJG, 2008 WL 482398, at *3-4 (W.D. Mo. Feb. 19, 2008) (granting motion to remand where the plaintiff stated a colorable claim of tortious interference of business expectancy against resident defendant); *Teets v. Am. Family Mut. Ins. Co.*, No. 4:04CV902 SNL, 2005 WL 5784770, at *3-5 (E.D. Mo. Jan. 14, 2005) (same). As, indeed, Plaintiff's complaint itself is lacking in the factual basis to support its claim against Glazer's, Plaintiff's request for attorney's fees incurred in pursuing the motion to remand is denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Plaintiff Major Brands, Inc., to remand the case to the state court to which it was filed is **GRANTED**.  (Doc. No. 7.)

**IT IS FURTHER ORDERED** that the Clerk's Office shall take all necessary steps to remand this case to the Circuit Court for St. Louis City, Missouri.

**IT IS FURTHER ORDERED** that Plaintiff's motion to stay all proceedings pending a ruling on the motion to remand (Doc. No. 26) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Defendant's motion for hearing (Doc. No. 30) is **DENIED**.

　
_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 30th day of April, 2013.